Filed 8/1/22 P. v. Evans CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMAL EVANS,<br><br>    Defendant and Appellant. | B315271<br><br>(Los Angeles County Super. Ct. No. YA043879) |

APPEAL from an order of the Superior Court of Los Angeles County, Amy N. Carter, Judge. Dismissed.

Tracy J. Dressner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted defendant and appellant Jamal Evans (defendant) of murdering victim Dameion Chapman (Chapman). Briefly described, the evidence proved defendant, on the afternoon of April 2, 2000, fired five shots into the open front passenger door of Chapman's vehicle, killing him. Defendant was sentenced to 50 years to life in prison: 25 years to life for the murder, plus a consecutive 25 years to life for a Penal Code section 12022.53(d) firearm enhancement the jury also found true.[1] In an unpublished opinion, this court affirmed the judgment on direct appeal. (*People v. Evans* (Aug. 12, 2004, B169407) [nonpub. opn.].)

Many years later, defendant petitioned for resentencing pursuant to section 1172.6 (former section 1170.95). On the form petition, defendant checked boxes asserting an information was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine and he did not aid or abet the killer and was not a major participant in the felony. (Defendant did not tick the box stating he "was not the actual killer.")

The trial court appointed counsel for defendant and denied the petition without issuing an order to show cause. Relying on this court's prior opinion, the court found defendant was not entitled to relief because he was "the shooter, the actual killer."

Defendant appealed, and this court appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues. On January 18, 2022, this court advised defendant he had 30 days to personally submit any

---

[1]     Undesignated statutory references that follow are to the Penal Code.

contentions or issues he wanted us to consider.  We received no response.

We have examined the appellate record, although such an examination is not required (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278), and we are satisfied no arguable issue exists.

## DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.


3